Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
CAROLINC DENISE AUGUSTINE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROLINC DENISE AUGUSTINE,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>PERSOLVE LEGAL GROUP, LLP, a Delaware limited liability partnership,<br><br>　　　　　　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code §§ 1692-1692p<br>California Civil Code §§ 1788-1788.33 |

　　　　Plaintiff, CAROLINC DENISE AUGUSTINE, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I.  INTRODUCTION

　　　　1.　　This is an action for actual damages, statutory damages, attorney fees, and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

　　　　2.　　According to 15 U.S.C. § 1692:

　　　　　　a.　　There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

  3. Plaintiff also seeks statutory damages, statutory penalties, attorney fees, and costs for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"), which prohibits creditors and debt collectors from engaging in abusive, deceptive, and unfair practices.

  4. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

---

[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

## III. VENUE

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

8. This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## V. PARTIES

9. Plaintiff, CAROLINC DENISE AUGUSTINE (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h).

10. Defendant, PERSOLVE LEGAL GROUP, LLP (hereinafter "PERSOLVE"), is a Delaware limited liability partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 9301 Corbin Avenue, Suite 1600, Northridge, California 91324-2508. PERSOLVE may be served at the address of its Agent for Service of Process

at: Persolve Legal Group, LLP, c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. The principal business of PERSOLVE is the collection of defaulted consumer debts due or alleged to be due another. PERSOLVE is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. PERSOLVE is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI.  FACTUAL ALLEGATIONS

11. On or about March 2, 2004, Plaintiff is alleged to have incurred a financial obligation in the form of a consumer credit account issued by CITIBANK, N.A. (hereinafter the "debt"). Plaintiff generally denies that any debt is owed. The debt to CITIBANK, N.A., was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Thereafter, on or about September 24, 2014, Plaintiff defaulted on the debt.

13. On or about March 31, 2016, the debt was sold by CITIBANK, N.A., to CROWN ASSET MANAGEMENT, LLC, for collection purposes.

14. Plaintiff is informed and believes, and thereon alleges that, on a date unknown to Plaintiff, CROWN ASSET MANAGEMENT, LLC hired, contracted, or otherwise engaged Defendant to collect the debt from Plaintiff.

15. On or about September 25, 2018, the four year statute of limitations expired on the debt, pursuant to California Code of Civil Procedure § 337.

16. Thereafter, on or about November 14, 2018, Defendant sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

17.     A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18.     The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the debt.

19.     The collection letter (Exhibit "1") states in relevant part:

> Please be advised that in the event that you reside in the State of California and legal action is taken against you, this is your formal written notice under California Code of Civil Procedure § 1033 that you may be responsible to pay the "actual cost of the filing fee, the actual cost of service of process and, when otherwise specifically allowed by law, reasonable attorneys fees."

20.     The collection letter (Exhibit "1") threatened legal action.[2]

21.     The collection letter (Exhibit "1") misrepresented the character and legal status of the debt.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

22.     Plaintiff brings the first claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

23.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

24.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

25.     Defendant, PERSOLVE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[2] *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991) ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate.").

26. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendant misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    c. Defendant attempted to collect a debt that is barred by the applicable statute of limitations, an action which cannot be lawfully taken, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

    d. Defendant attempted to collect a debt that is known by Defendant to be barred by the applicable statute of limitations, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, PERSOLVE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendant made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[3]

   b. Defendant misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[4]

   c. Defendant attempted to collect a consumer debt that is barred by the applicable statute of limitations, an action which cannot be lawfully taken, in violation of Cal. Civil Code § 1788.17;[5] and

   d. Defendant attempted to collect a consumer debt that was known by Defendant to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[6]

36. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, as that term is defined by Cal. Civil Code § 1788.30(b).

37. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

---

[3] 15 U.S.C. §§ 1692e and 1692e(10).
[4] 15 U.S.C. § 1692e(2)(A).
[5] 15 U.S.C. §§ 1692e and 1692e(5).
[6] 15 U.S.C. §§ 1692f and 1692f(1).

award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

38. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

39. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[7]

40. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

41. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

---

[7] 15 U.S.C.§ 1692k(a)(2)(A).
[8] 15 U.S.C.§ 1692k(a)(3).

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[9]

h) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California 95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CAROLINC DENISE AUGUSTINE

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CAROLINC DENISE AUGUSTINE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

COMPLAINT

# PERSOLVE LEGAL GROUP, LLP
9301 Corbin Ave, Suite 1600, Northridge, CA 91324-2508  Tel: 866-438-1259

November 14, 2018

| | | | |
|---|---|---|---|
| Original Creditor: | Citibank, N.A. | Balance to date: | $17,518.25 |
| Account Number: | ************4325 | | |
| Current Debt Owner: | CROWN ASSET MANAGEMENT, LLC | | |
| Purchase Date by Current Debt Owner: | March 29, 2016 | | |
| Our File No.: | C1812200 | | |
| Respond to: | (866) 438-1259 | | |

Dear Mr./Ms. CAROLINC AUGUSTINE:

The above referenced debt has been listed with this office for the purposes of collection. However, it is our goal to resolve your account prior to any type of further collection activity. We look forward to working with you in resolving your claim.

If you have filed bankruptcy, please forward proof to our office.

We have provided three convenient ways for you to pay:

1. Pay the total above by Credit Card, use the form at the bottom of this letter
2. Send check or money order for the total above in the enclosed envelope.
3. Call our office at (866) 438-1259 if you need additional time.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

California Civil Code Section 1785 (c)(2). "As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations." The Rosenthal Act, California Civil Code Section 1788.21, also requires that you notify your creditor of your change of name, address, or employment for any existing consumer credit.

Please be advised that in the event that you reside in the State of California and legal action is taken against you, this is your formal written notice under California Code of Civil Procedure § 1033 that you may be responsible to pay the "actual cost of the filing fee, the actual cost of service of process and, when otherwise specifically allowed by law, reasonable attorneys fees."

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION REGARDING YOUR ACCOUNT**

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

ICSPERS01PLTRP01

***Detach Lower Portion and Return with Payment***

| | |
|---|---|
| Current Balance: | $17,518.25 |
| Our File No.: | C1812200 |

Amount Paid: $_____

CSPERS01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

**Mail All Correspondence To:**

Persolve Legal Group, LLP
9301 Corbin Ave Ste 1600
Northridge  CA 91324-2508

November 14, 2018

124665240

CAROLINC AUGUSTINE
131 Outlook Cir
Pacifica CA 94044-2144

EXHIBIT 1

☐ ☐ ☐   CHECK CARD USING FOR PAYMENT

| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE / |
|---|---|
| CARDHOLDER NAME | AMOUNT $ |
| CARDHOLDER SIGNATURE | |

CALIFORNIA: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area. State and federal law require debt collectors to treat you fairly, and prohibit debt collectors from using profane language or making improper communications with third parties, including your employer.

For accounts purchased on or after January 1, 2014, pursuant to the California Fair Debt Buying Practices Act:

You may request records showing the following: (1) that CROWN ASSET MANAGEMENT, LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: CROWN ASSET MANAGEMENT, LLC, 9301 Corbin Ave., Ste. 1600, Northridge, CA 91324; validation@persolve.com.

If the Statute of Limitations has expired on your debt: The law limits how long you can be sued on a debt. If you do not pay the debt, Persolve Legal Group, LLP may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

If the Fair Credit Reporting Act obsolescence period has expired on your debt: The law limits how long you can be sued on a debt.

COLORADO: For information about the Colorado Fair Debt Collection Practices Act, see: WWW.COAG.GOV/CAR

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. KANSAS: An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation. MAINE: Hours of Operation: 8:00AM – 5:00 PM (PST) NEW YORK CITY: Persolve, LLC is licensed by the City of New York, Department of Consumer Affairs, Northridge, CA - License Number 1276366. NORTH CAROLINA: North Carolina Permit # 113375, Persolve Legal Group, LLP, 9301 Corbin Ave Ste 1600, Northridge, CA 91324. UTAH: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

MEMBER OF EXPERIAN, TRANSUNION AND EQUIFAX